Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Eliezer Santana Báez<br><br>Recurrente<br><br>vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrida | KLRA202500184 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: 215-25-001<br><br>Sobre: Sanción Disciplinaria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece ante nos, el señor Eliezer Santana Báez (Sr. Santana Báez o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Resolución" notificada el 4 de marzo de 2025, por el Departamento de Corrección y Rehabilitación (DCR o recurrida). Mediante dicho dictamen, el DCR declaró incurso al recurrente por violentar el Código 147 del Reglamento Núm. 9221-2020, *infra*.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, desestimamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El 1 de enero de 2025 se radicó una querella contra el Sr. Santana Báez donde se le imputó violentar los Códigos 109 y 147 del Reglamento Núm. 9221-2020, Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, los que prohíben los siguientes actos, respectivamente: (1) distribuir, usar,

Número Identificador

SEN2025 _____

poseer, vender o introducir accesorios de teléfonos celulares u otro equipo de telecomunicaciones, y (2) utilizar correspondencia o el correo para propósitos ilícitos o su tentativa. Según se alegó en la querella, el 31 de diciembre de 2024, al recurrente se le entregó una correspondencia que contenía un audífono bluetooth negro, un chip de T Mobile, un cable de cargador. Además, en otra carga le llegó otro audífono bluetooth y otro chip de T Mobile.

Tras un análisis del expediente administrativo, el DCR emitió "Resolución", notificada el 4 de marzo de 2025, mediante la cual determinó causa por el Código 147.[1] En consecuencia, suspendió al recurrente del privilegio de comisaría, recreación activa, visita, actividades especiales y cualquier otro privilegio que se le conceda en la institución.

Inconforme, el 11 de marzo de 2025, el Sr. Santana Báez presentó una solicitud de reconsideración. Ese mismo día, el DCR emitió "Resolución" y acogió su petición. **Del expediente no surge determinación en reconsideración**.

Inconforme, el 24 de marzo de 2025, el Sr. Santana Báez recurrió ante este foro apelativo intermedio, señalando la comisión del siguiente error, a saber:

> *Erró el DCR al no ordenar inmediatamente el archivo de la querella administrativa y dejar sin efecto la sanción impuesta, al notar que el investigador no llevó a cabo ni observó rigurosamente sus funciones al tramitar la petición de reconsideración fuera del término que tenía para entregarla al oficial examinador, ni tampoco el mismo examinador ser el examinador en reconsideración.*

Conjunto con su recurso, el recurrente acompañó una "Solicitud para que se Exima de Pago de Arancel por Razón de Pobreza", **la cual no está juramentada**. Por este motivo, el 8 de abril de 2025, emitimos "Resolución" ordenándole al recurrente acompañar los documentos que acrediten su solicitud, o evidencia

---

[1] No encontró causa por el Código 109.

del pago de derechos arancelarios.  **Al día de hoy**, **el Sr**. **Santana Báez no ha cumplido con lo ordenado**.

**II.**

La parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones.  Sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, mejor conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, según enmendada; Regla 56 del del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56.  Para que dicho recurso pueda ser revisado en sus méritos, es necesario que la parte recurrente haya agotado todos los remedios administrativos provistos por la agencia o el organismo apelativo.  Sección 4.2 de la Ley Núm. 38-2017, *supra*; *Moreno Ferrer v. JRCM*, 209 DPR 430, 435 (2022).  Además, el recurso deberá presentarse dentro del término jurisdiccional de 30 días, a contarse a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final.  Sección 4.2 de la Ley Núm. 38-2017, *supra*; Regla 57 del del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57.  En cuanto al contenido del recurso, éste deberá contener la decisión administrativa impugnada, incluyendo la fecha en que fue dictada y la fecha en que se notificó a las partes. Regla 59 (C) del del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (C).

Sobre el apéndice, la Regla 59 (E) del del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (E), establece que el recurso deberá incluir una copia literal de los siguientes documentos, a saber:

> *(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.*

*(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.*

*(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.*

*(d) **Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión**.*

*(e) **Toda resolución u orden**, y toda moción o **escrito de cualquiera de las partes que forme parte del expediente original administrativo**, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.*

*(f) **Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia**.*

(Énfasis nuestro).

Aunque es cierto que la propia Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*, reconoce que la omisión de incluir los documentos del Apéndice no será causa suficiente para desestimar el recurso, nuestro Tribunal Supremo ha resuelto que **procederá su desestimación si "esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción".** *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007). (Énfasis suplido).

### III.

En el caso de autos, el Sr. Santana Báez presentó un recurso de revisión administrativa impugnando la "Resolución" emitida por el DCR mediante la cual se le declaró incurso por violentar el Código 147 del Reglamento Núm. 9221-2020, *supra*. El recurrente solicitó la reconsideración de la determinación, hecho que podemos constatar con los documentos que acompañan el recurso. A pesar de lo anterior, del expediente ante nuestra consideración no surge una resolución del DCR resolviendo la petición de reconsideración.

**Este documento resulta indispensable para constatar nuestra jurisdicción**.

Como es conocido, la parte adversamente afectada por la resolución final de una agencia posee un término de 30 días para solicitar revisión judicial ante este Foro apelativo, a contarse desde la fecha del archivo en autos de la copia de la notificación de la resolución final. Sección 4.2 de la Ley Núm. 38-2017, *supra*. Ahora bien, este término de 30 días puede interrumpirse mediante la presentación oportuna de una moción de reconsideración. *Íd.* Si la parte adversamente afectada por la resolución final solicita reconsideración, la agencia posee 15 días para considerar el escrito a computarse desde el día en que se presentó el mismo. Sección 3.15 de la Ley Núm. 38-2017, 3 LPRA sec. 9655. La agencia puede hacer 3 cosas: (1) atender la solicitud, (2) rechazarla, o (3) no hacer nada dentro de los 15 días que dispone la ley. *Íd.* Si la agencia determina atender la moción de reconsideración, el término para solicitar revisión comenzará a contarse nuevamente desde la fecha en que se archive en autos copia de la notificación de la resolución resolviendo la solicitud de reconsideración. *Íd.*

En este caso, el DCR determinó acoger la reconsideración solicitada por el Sr. Santana Báez. No obstante, **el recurso ante nuestra consideración no incluye copia de la notificación de la resolución emitida por el DCR resolviendo la reconsideración presentada por el recurrente ante dicho foro**. Esta deficiencia constituye un incumplimiento con la Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*.

**Además**, **nos impide acreditar la reanudación del término para presentar el recurso de revisión**. La ausencia de la copia de la notificación de la resolución resolviendo la reconsideración nos imposibilita determinar con certeza si, efectivamente, poseemos jurisdicción para atender la controversia que se nos plantea. Esto,

pues, la presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402, 415 (2022).

En este momento, desconocemos si el DCR ya resolvió y notificó la resolución resolviendo la solicitud de reconsideración. Este detalle es fundamental porque, si todavía no la ha resuelto, el caso es prematuro. En cambio, si ya se notificó la resolución en la que se resuelve definitivamente la reconsideración, no se nos ha puesto en posición para determinar si el recurso de revisión es tardío. En ambos casos, careceríamos de jurisdicción para atender el caso.

Toda vez que la omisión de la copia de la notificación de la resolución resolviendo la solicitud de reconsideración no nos permite constatar nuestra jurisdicción, procede la desestimación del caso por incumplimiento con la Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra.* Véase, *Vázquez Figueroa v. E.L.A., supra,* a la pág. 155.

Finalmente, cabe destacar que, como parte del proceso para la petición *in forma pauperis,* la persona interesada debe hacer una declaración jurada en la que exponga que no posee los medios económicos para sufragar los derechos arancelarios requeridos para poder litigar ante el Tribunal. Una vez juramentada la petición y, en el ejercicio de su discreción, el Tribunal puede autorizar la petición *in forma pauperis.*

En este caso, el recurrente presentó una "Solicitud para que se Exima de Pago de Arancel por Razón de Pobreza", **la cual no está juramentada**. A pesar de que le concedimos un término para acompañar los documentos acreditando su solicitud, o evidencia del pago de derechos arancelarios, **hoy en día**, **el Sr**. **Santana Báez no ha cumplido con lo ordenado**.

Por los motivos que anteceden, procede la desestimación del recurso presentado por el recurrente.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por el señor Eliezer Santana Báez.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones